UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

SHERRISE SOLOCINSKI,

Plaintiff,

DEMAND FOR JURY TRIAL

-vs-

Case No.
Hon.

SUMMIT PLACE MOTORS, INC.,
SANTANDER CONSUMER USA, INC.,
ALLY BANK,
CAPITAL ONE, NATIONAL ASSOCIATION,
GLOBAL LENDING SERVICES LLC,
GOFI, LLC, and
HYUNDAI CAPITAL AMERICA,

Defendants.

**COMPLAINT AND JURY DEMAND**

**JURISDICTION**

1. This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337.

2. As to any supplemental claims set forth herein, there are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction and the interests of justice would best be served if this Court heard these claims along with the federal claims.

## PARTIES

3. The Plaintiff to this lawsuit is Sherrise Solocinski who resides in Flint, Michigan in Genesee County.

4. The Defendants to this lawsuit are as follows:

   a. Summit Place Motors, Inc. ("SPMI") which is a corporation doing business in Michigan and which by statute and condition of licensing, may be served through its irrevocable resident agent, the Bureau of Regulatory Services, Business Licensing and Regulation Division, State of Michigan, Cashier's Unit, 7064 Crowner Dr., Dimondale, MI 48821.

   b. Santander Consumer USA, Inc. ("SCUI"), which is a corporation doing business in Michigan, and whose resident agent, C T CORPORATION SYSTEM maintains its office at 40600 ANN ARBOR RD E STE 201, PLYMOUTH, MI 48170.

   c. ALLY BANK ("ALLY") is a financial institution transacting business in the State of Michigan and which may be served at its agent for service.

   d. CAPITAL ONE, NATIONAL ASSOCIATION, is a financial institution transacting business in the State of Michigan and which may be served at its agent for service.

e. GLOBAL LENDING SERVICES LLC, is a financial institution transacting business in the State of Michigan and which may be served at its agent for service.

f. GOFI, LLC is a financial institution transacting business in the State of Michigan and which may be served at its agent for service.

g. HYUNDAI CAPITAL AMERICA, is a financial institution transacting business in the State of Michigan and which may be served at its agent for service.

5. At all relevant times SPMI – in the ordinary course of its business – regularly extended or offered consumer credit for which a finance charge is, or may be imposed or which, by written agreement is payable in more than four installments and is the person to whom the transaction which is the subject of this action is initially payable.

6. SPMI is a creditor under TILA, 15 U.S.C. § 1602(g) and regulation Z § 226.2(a)(17).

7. Each Defendant to this lawsuit is a "person" as that term is defined in the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681a.

8. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, SCU is subject to all claims and defenses that arise against the seller for the

sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

9. SCUI is a a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## VENUE

10. The transactions and occurrences which give rise to this action occurred in Oakland County.

11. Venue is proper in the United States District Court for the Eastern District of Michigan.

## GENERAL ALLEGATIONS

12. On or about October 12, 2023, each of the named Defendants accessed and used the consumer credit report of the Plaintiff in spite of the fact that Plaintiff never authorized anyone to pull her credit report on that date.

13. Plaintiff was not physically present at SPMI on October 12, 2023.

14. Plaintiff was not physically present at SPMI on October 13, 2023.

15. Plaintiff had no contact, written, verbal, or otherwise, with SPMI.

16. On October 12, 2023, each of the Defendants obtained the Plaintiff's consumer report without Plaintiff's consent and without a permissible purpose to do so.

17. On or about October 13, 2023, SPMI extended credit to Plaintiff for the purchase of a certain 2024 Kia Station Wagon, VIN KNDJ53AU2R7219183 ("the vehicle") from SPMI – in order to do this, SPMI forged the signature of the Plaintiff on various documents, including but not limited to the retail installment contract.

18. The retail installment contract is currently held by SCU.

19. Plaintiff never took delivery of the vehicle, nor did she authorize anyone to sign her name to any document nor did she ever apply for credit at SPMI.

20. When Plaintiff received the first invoice from SCUI, she immediately disputed it and explained over the phone that she did not purchase nor finance the vehicle.

21. Each time she received an invoice from SCUI, she disputed it with SCUI.

22. Plaintiff discovered false information on one or more of her consumer reports being reported by SCUI ("SCUI false information") .

23. Ms. Solocinski disputed the SCUI false information by transmitting actual notice of her dispute along with an adequate description and explanation to each of the major credit reporting agencies.

24. Ms. Solocinski requested that the credit reporting agencies reinvestigate and correct the SCUI false information as envisioned by 15 U.S.C. § 1681i.

25. Ms. Solocinski's request for reinvestigation included sufficient information to provide actual notice that the SCUI false information was inaccurate and the source of information was not reliable.

26. One or more credit reporting agencies responded to this dispute from Ms. Solocinski by requesting verification of the SCUI false information from SCUI.

27. SCUI responded to the reinvestigation request by verifying the SCUI false information.

28. SCUI failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

29. As a result of SCUI's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

30. Plaintiff suffered damages as a result of the acts and omissions set forth herein.

**COUNT I -- Truth In Lending Act**

**(SPMI)**

31. Plaintiff incorporates the preceding allegations by reference.

32. SPMI was required to make the disclosures required by 16 U.S.C. § 1638 prior to consummating the sale and finance of the vehicle.

33. Those disclosures were required to be made in writing, in form that could be kept by the consumer so that consumers may shop for credit prior to engaging in a credit transaction.

34. SPMI failed to make those disclosures to Plaintiff violation of 15 U.S.C. § 1638(a)(4).

35. By failing to provide Plaintiff with a copy of truth in lending disclosures at the time and in the manner prescribed by Regulation Z of the Truth in Lending Act, the dealer has violated the federal Truth in Lending Act, 15 U.S.C. § 1601.

36. SPMI is liable to plaintiff for actual and statutory damages to be determined at trial, costs, and statutory attorney fees in accordance with 15 U.S.C. § 1640.

**COUNT II – Fair Credit Reporting Act (SCUI)**

37. Mr. Solocinski incorporates the preceding allegations by reference.

38. SCUI was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

39. In the event that SCUI was unable to verify the information which it had reported after a reasonable reinvestigation, SCUI was required to advise the credit reporting agency of this fact.

40. SCUI did not conduct a reasonable reinvestigation but after the time had elapsed to do so, continued to report the SCUI false information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

41. SCUI did not conduct a reasonable reinvestigation, and continued to report the SCUI false information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

42. Following dispatch of notice directly to SCUI, SCUI reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

43. Following the dispatch of direct notice to SCUI, SCUI failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

44. SCUI willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Mr. Solocinski's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

45. In the alternative, SCUI negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

46. SCUI willfully refused to properly reinvestigate the inaccuracies in Mr. Solocinski's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

47. In the alternative, SCUI negligently failed to conduct a proper reinvestigation of Mr. Solocinski's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o.

48. Mr. Solocinski has suffered damages as a result of these violations of the FCRA.

**COUNT III – Intentional Infliction of Emotional Distress**

**(SCUI)**

49. Plaintiff incorporates the preceding allegations by reference.

50. SCUI's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

51. SCUI intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

52. SCUI's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

53. Plaintiff has suffered damages as a result of the conduct of SCUI.

**COUNT IV – Negligence**

**(SCUI)**

54. Plaintiff incorporates the preceding allegations by reference.

55. SCUI owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

56. SCUI's publication of false and inaccurate credit information on Plaintiff's credit report was unreasonable.

57. Plaintiff has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by SCUI.

**COUNT V– Negligence *Per Se***

**(SCUI)**

58. Plaintiff incorporates the preceding allegations by reference.

59. SCUI's actions in publishing false and inaccurate credit information on Plaintiff's credit report was in violation of express duties under the FCRA.

60. Those unreasonable actions were *per* se unreasonable.

61. Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by SCUI.

**COUNT V – Defamation by Libel**

**(SCUI)**

62. Plaintiff incorporates the preceding allegations by reference.

63. SCUI's written publications of the trade lines on Plaintiff's credit report were false and defamatory.

64. SCUI's publications were not privileged communications.

65. SCUI's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

66. The statements were *per se* defamatory.

67. Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

68. Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

**COUNT VI – Malicious Statutory Libel**

**(SCUI)**

69. Plaintiff incorporates the preceding allegations by reference.

70. The inaccurate credit information was published with malice or ill-will.

71. Plaintiff has suffered damages as a result of this malicious libel by SCUI in violation of M.C.L. § 600.2911.

72. Plaintiff is entitled to actual and punitive damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

**COUNT VII – Violations of the Fair Credit Reporting Act (SPMI)**

73. Plaintiff reiterates and incorporates the allegations contained in all preceding paragraphs as if fully set out herein.

74. SPMI obtained and used the Plaintiff's consumer report without a permissible purpose to do so.

75. As a prerequisite to obtaining Plaintiff's consumer report, SPMI was required to certify to the credit reporting agency from which the report was obtained – that SPMI had a permissible purpose under the FCRA for accessing and using the consumer report.

76. SPMI did not have a permissible purpose for the access and use of the report as set forth in 15 U.S.C. § 1681b.

77. SPMI violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

78. SPMI violated the FCRA, 15 U.S.C. 1681b(f) by falsely certifying to Experian the purpose for which it accessed the consumer reports of the Plaintiff.

79. SPMI knowingly violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff.

80. SPMI wilfully violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff

81. SPMI, in the alternative, negligently violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

82. The above-alleged actions and omissions of the Defendant violated the FCRA, 15 U.S.C. §1681b(f).

83. As a direct and proximate cause of the above-alleged actions and omissions of the Defendant, Ms. Solocinski has suffered an unwarranted invasion of her privacy, which may expose her to additional improper uses of the credit report or her personal identification information.

84. The Defendant is liable to the Plaintiff for actual damages, statutory damages and punitive damages for violation of the FCRA.

**COUNT VIII – Violations of the Fair Credit Reporting Act (SCUI)**

85. Plaintiff reiterates and incorporates the allegations contained in all preceding paragraphs as if fully set out herein.

86. SCUI obtained and used the Plaintiff's consumer report without a permissible purpose to do so.

87. As a prerequisite to obtaining Plaintiff's consumer report, SCUI was required to certify to the credit reporting agency from which the report was obtained –

that SCUI had a permissible purpose under the FCRA for accessing and using the consumer report.

88. SCUI did not have a permissible purpose for the access and use of the report as set forth in 15 U.S.C. § 1681b.

89. SCUI violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

90. SCUI violated the FCRA, 15 U.S.C. 1681b(f) by falsely certifying to Experian the purpose for which it accessed the consumer reports of the Plaintiff.

91. SCUI knowingly violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff.

92. SCUI wilfully violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff

93. SCUI, in the alternative, negligently violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

94. The above-alleged actions and omissions of the Defendant violated the FCRA, 15 U.S.C. §1681b(f).

95. As a direct and proximate cause of the above-alleged actions and omissions of the Defendant, Ms. Solocinski has suffered an unwarranted invasion of her privacy, which may expose her to additional improper uses of the credit report

or her personal identification information.

96. The Defendant is liable to the Plaintiff for actual damages, statutory damages and punitive damages for violation of the FCRA.

**COUNT IX – Violations of the Fair Credit Reporting Act (ALLY BANK)**

97. Plaintiff reiterates and incorporates the allegations contained in all preceding paragraphs as if fully set out herein.

98. ALLY BANK obtained and used the Plaintiff's consumer report without a permissible purpose to do so.

99. As a prerequisite to obtaining Plaintiff's consumer report, ALLY BANK was required to certify to the credit reporting agency from which the report was obtained – that ALLY BANK had a permissible purpose under the FCRA for accessing and using the consumer report.

100. ALLY BANK did not have a permissible purpose for the access and use of the report as set forth in 15 U.S.C. § 1681b.

101. ALLY BANK violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

102. ALLY BANK violated the FCRA, 15 U.S.C. 1681b(f) by falsely certifying to Experian the purpose for which it accessed the consumer reports of the Plaintiff.

103. ALLY BANK knowingly violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff.

104. ALLY BANK wilfully violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff

105. ALLY BANK, in the alternative, negligently violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

106. The above-alleged actions and omissions of the Defendant violated the FCRA, 15 U.S.C. §1681b(f).

107. As a direct and proximate cause of the above-alleged actions and omissions of the Defendant, Ms. Solocinski has suffered an unwarranted invasion of her privacy, which may expose her to additional improper uses of the credit report or her personal identification information.

108. The Defendant is liable to the Plaintiff for actual damages, statutory damages and punitive damages for violation of the FCRA.

**COUNT X – Violations of the Fair Credit Reporting Act (CAPITAL ONE, NATIONAL ASSOCIATION)**

109. Plaintiff reiterates and incorporates the allegations contained in all preceding paragraphs as if fully set out herein.

110. CAPITAL ONE, NATIONAL ASSOCIATION obtained and used the Plaintiff's consumer report without a permissible purpose to do so.

111. As a prerequisite to obtaining Plaintiff's consumer report, CAPITAL ONE, NATIONAL ASSOCIATION was required to certify to the credit reporting agency from which the report was obtained – that CAPITAL ONE, NATIONAL ASSOCIATION had a permissible purpose under the FCRA for accessing and using the consumer report.

112. CAPITAL ONE, NATIONAL ASSOCIATION did not have a permissible purpose for the access and use of the report as set forth in 15 U.S.C. § 1681b.

113. CAPITAL ONE, NATIONAL ASSOCIATION violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

114. CAPITAL ONE, NATIONAL ASSOCIATION violated the FCRA, 15 U.S.C. 1681b(f) by falsely certifying to Experian the purpose for which it accessed the consumer reports of the Plaintiff.

115. CAPITAL ONE, NATIONAL ASSOCIATION knowingly violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff.

116. CAPITAL ONE, NATIONAL ASSOCIATION wilfully violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff

117. CAPITAL ONE, NATIONAL ASSOCIATION, in the alternative, negligently violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

118. The above-alleged actions and omissions of the Defendant violated the FCRA, 15 U.S.C. §1681b(f).

119. As a direct and proximate cause of the above-alleged actions and omissions of the Defendant, Ms. Solocinski has suffered an unwarranted invasion of her privacy, which may expose her to additional improper uses of the credit report or her personal identification information.

120. The Defendant is liable to the Plaintiff for actual damages, statutory damages and punitive damages for violation of the FCRA.

**COUNT XI – Violations of the Fair Credit Reporting Act (GLOBAL LENDING SERVICES LLC)**

121. Plaintiff reiterates and incorporates the allegations contained in all preceding paragraphs as if fully set out herein.

122. GLOBAL LENDING SERVICES LLC obtained and used the Plaintiff's consumer report without a permissible purpose to do so.

123. As a prerequisite to obtaining Plaintiff's consumer report, GLOBAL LENDING SERVICES LLC was required to certify to the credit reporting agency from which the report was obtained – that GLOBAL LENDING SERVICES LLC had a permissible purpose under the FCRA for accessing and using the consumer report.

124. GLOBAL LENDING SERVICES LLC did not have a permissible purpose for the access and use of the report as set forth in 15 U.S.C. § 1681b.

125. GLOBAL LENDING SERVICES LLC violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

126. GLOBAL LENDING SERVICES LLC violated the FCRA, 15 U.S.C. 1681b(f) by falsely certifying to Experian the purpose for which it accessed the consumer reports of the Plaintiff.

127. GLOBAL LENDING SERVICES LLC knowingly violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff.

128. GLOBAL LENDING SERVICES LLC wilfully violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff

129. GLOBAL LENDING SERVICES LLC, in the alternative, negligently violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

130. The above-alleged actions and omissions of the Defendant violated the FCRA, 15 U.S.C. §1681b(f).

131. As a direct and proximate cause of the above-alleged actions and omissions of the Defendant, Ms. Solocinski has suffered an unwarranted invasion of her privacy, which may expose her to additional improper uses of the credit report or her personal identification information.

132. The Defendant is liable to the Plaintiff for actual damages, statutory damages and punitive damages for violation of the FCRA.

**COUNT XII – Violations of the Fair Credit Reporting Act (GOFI, LLC)**

133. Plaintiff reiterates and incorporates the allegations contained in all preceding paragraphs as if fully set out herein.

134. GOFI, LLC obtained and used the Plaintiff's consumer report without a permissible purpose to do so.

135. As a prerequisite to obtaining Plaintiff's consumer report, GOFI, LLC was required to certify to the credit reporting agency from which the report was obtained – that GOFI, LLC had a permissible purpose under the FCRA for accessing and using the consumer report.

136. GOFI, LLC did not have a permissible purpose for the access and use of the report as set forth in 15 U.S.C. § 1681b.

137. GOFI, LLC violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

138. GOFI, LLC violated the FCRA, 15 U.S.C. 1681b(f) by falsely certifying to Experian the purpose for which it accessed the consumer reports of the Plaintiff.

139. GOFI, LLC knowingly violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff.

140. GOFI, LLC wilfully violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff

141. GOFI, LLC, in the alternative, negligently violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

142. The above-alleged actions and omissions of the Defendant violated the FCRA, 15 U.S.C. §1681b(f).

143. As a direct and proximate cause of the above-alleged actions and omissions of the Defendant, Ms. Solocinski has suffered an unwarranted invasion of her privacy, which may expose her to additional improper uses of the credit report or her personal identification information.

144. The Defendant is liable to the Plaintiff for actual damages, statutory damages and punitive damages for violation of the FCRA.

**COUNT XIII – Violations of the Fair Credit Reporting Act**

**(HYUNDAI CAPITAL AMERICA)**

145. Plaintiff reiterates and incorporates the allegations contained in all preceding paragraphs as if fully set out herein.

146. HYUNDAI CAPITAL AMERICA obtained and used the Plaintiff's consumer report without a permissible purpose to do so.

147. As a prerequisite to obtaining Plaintiff's consumer report, HYUNDAI CAPITAL AMERICA was required to certify to the credit reporting agency from which the report was obtained – that HYUNDAI CAPITAL AMERICA had a permissible purpose under the FCRA for accessing and using the consumer report.

148. HYUNDAI CAPITAL AMERICA did not have a permissible purpose for the access and use of the report as set forth in 15 U.S.C. § 1681b.

149. HYUNDAI CAPITAL AMERICA violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

150. HYUNDAI CAPITAL AMERICA violated the FCRA, 15 U.S.C. 1681b(f) by falsely certifying to Experian the purpose for which it accessed the consumer reports of the Plaintiff.

151. HYUNDAI CAPITAL AMERICA knowingly violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff.

152. HYUNDAI CAPITAL AMERICA wilfully violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff

153. HYUNDAI CAPITAL AMERICA, in the alternative, negligently violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

154. The above-alleged actions and omissions of the Defendant violated the FCRA, 15 U.S.C. §1681b(f).

155. As a direct and proximate cause of the above-alleged actions and omissions of the Defendant, Ms. Solocinski has suffered an unwarranted invasion of her privacy, which may expose her to additional improper uses of the credit report or her personal identification information.

156. The Defendant is liable to the Plaintiff for actual damages, statutory damages and punitive damages for violation of the FCRA.

**JURY DEMAND**

157. Plaintiff requests a jury trial in this case.

## REQUEST FOR RELIEF

Plaintiff requests that this Honorable Court assume jurisdiction over this case and including all supplemental claims, award actual damages, treble damages, statutory and punitive damages, costs, and attorney fees.

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By: /s/ Adam G. Taub
Adam G. Taub (P48703)
Attorney for Sherrise Solocinski
17200 West 10 Mile Rd. Suite 200
Southfield, MI 48075
Phone: (248) 746-3790
Email: adamgtaub@clgplc.net

Dated: October 10, 2024